# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV335-H

| | |
|---|---|
| DAISY A. WILSON, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>HOME DEPOT, U.S.A., INC., and ACUITY )<br>SPECIALTY PRODUCTS GROUP, INC., )<br>)<br>        Defendants. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Remand ..." (document #4) filed August 5, 2005; and Defendant Home Depot, U.S.A., Inc.'s "Response ..." (document #3) filed August 3, 2005.

On August 5, 2005, Defendant Acuity Specialty Products Group, Inc. filed its "Objection to Removal" (document #5).

The Plaintiff's motion is now ripe for determination. Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's motion and <u>remand</u> this action to the Superior Court of Mecklenburg County, North Carolina.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 5, 2005, the Plaintiff, Daisy A. Wilson, a North Carolina citizen, filed her Complaint in Mecklenburg County Superior Court against Defendants Home Depot, U.S.A., Inc., a Delaware corporation, and Acuity Specialty Products Group, Inc., a Georgia corporation, alleging state law claims for personal injury and seeking more than $200,000 in damages.

On July 22, 2005, Defendant Home Depot removed the state court action to federal district

court, alleging federal diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1446. See "Notice of Removal" (document #1).

On August 5, 2005, the Plaintiff filed her Motion to Remand.

Rather than join in the Notice of Removal or otherwise oppose the Plaintiff's Motion to Remand, the same day, Defendant Acuity Specialty Products Group, Inc. filed its Objection to Removal, joining the Plaintiff in asking the Court to remand this action to state court.

The Plaintiff's Motion to Remand has been briefed as set forth above and is ripe for disposition.

## II. DISCUSSION

At the outset, the undersigned notes that the Plaintiff's motion to remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In removing a case from state to federal court, however, the removing parties must comply with 28 U.S.C. § 1446(a) which provides:

A defendant or defendants desiring to remove any civil action from the state court ... shall file ... a notice of removal ... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Moreover, it is well settled in the Fourth Circuit that in actions with multiple defendants, 28 U.S.C. §§ 1441 and 1446 require that <u>all</u> defendants join in or consent to the notice of removal.

Accord <u>McKinney v. Board of Trustees of Mayland Community College</u>, 955 F.2d 924, 925 (4th Cir. 1992) (in cases with multiple defendants, each defendant must join petition for removal within thirty days of receiving service of process); <u>Creasy v. Coleman Furniture Corp.</u>, 763 F.2d 656, 660 (4th Cir. 1985); <u>Branch v. Coca- Cola Bottling Co. Consl.</u>, 83 F.Supp.2d 631, 634 (D.S.C.2000); <u>Freeman v. Bechtel</u>, 936 F.Supp. 320, 325 (M.D.N.C. 1996); <u>and</u> <u>Aguiar v. Evans</u>, 607 F. Supp. 1418, 1419 (E.D. Va. 1985). Further, failure of even one defendant to timely join in the notice of removal is a fatal defect to federal jurisdiction requiring the case be remanded to state court. <u>Accord</u> <u>Prize Frize, Inc., v. Matrix</u>, 167 F.3d 1261 (9th Cir. 1999); <u>Cades v. H& R. Block, Inc.</u>, 43 F. 3d 869, 873 (4th Cir. 1994); <u>and</u> <u>McKinney</u>, 955 F.2d at 925.

In the instant case, not only has Defendant Acuity Specialty Products Group, Inc. <u>not</u> joined in or otherwise consented to Defendant's Home Depot's Notice of Removal, it has filed an Objection to Removal and requests that this case be remanded to state court. Accordingly, the Plaintiff's Motion to Remand must and shall be <u>granted</u>.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. "Plaintiff's Motion to Remand" (document #4) is **GRANTED**, and the instant action is **REMANDED** to the Superior Court for the County of Mecklenburg.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED.**

**Signed: August 10, 2005**

*Carl Horn, III*
Carl Horn, III
United States Magistrate Judge